WALTERS, J.,
dissenting.
I respectfully dissent. For the reasons I explain today in State v. Backstrand, 354 Or 392, 313 P3d 1084 (2013) (Walters, J., concurring in the judgment), it is my view that when an officer requests an individual’s identification in *456 circumstances in which a reasonable person would believe that he or she is being subjected to a criminal investigation and therefore must respond, provide the identification, and remain until the officer completes the immediate investigation, the officer restrains the individual’s liberty and effects a seizure under Article I, section 9, of the Oregon Constitution.
In this case, officers were searching an apartment as part of a criminal drug investigation when defendant came to the open door of the apartment. When defendant saw the officers searching the apartment, he walked from the apartment to the car in which he had arrived and got into the passenger’s seat. Three officers approached the car; two stood on one side of the car and the other stood on the opposite side. One officer was in uniform, another was wearing a raid vest. One officer explained that the officers were executing a search warrant at the apartment, that the officer had been told that the driver and defendant had approached the door of the apartment, and that the officer wanted to know “who they were,” and “what interest they might have” with what the officers were doing. That officer then asked the driver for identification; another officer asked defendant for identification.
The majority recognizes that the officers objectively conveyed “possible suspicion” that defendant “could be involved in criminal activity related to the apartment,” but also suggests that the officers “equally conveyed that [they] were interested in whatever information [defendant and the driver] might be able to provide.” 354 Or at 453. The majority then concludes that those “brief verbal exchanges” did not “communicate an exercise of authority of the kind required for a seizure — i.e., authority to restrain.” Id. Neither, the majority concludes, did the fact that three officers surrounded the car. The majority reasons that the officers requested no physical action from defendant and that there was only one more officer present than there were people in the car. Id. at 454.
Although the majority recites the requirement that the court consider the circumstances as a whole, id. at 453, the majority does not wrestle sufficiently with the combined *457 effect that the officer’s communication and conduct would have on a reasonable person. When considered in combination, the facts that the officers were in the process of conducting a drug investigation, that the officers indicated that they considered defendant a potential suspect in that investigation, and that the officers asserted physical authority over defendant by surrounding the car in which he was seated, add up to a show of authority that would have conveyed to a reasonable person that he was the subject of a criminal investigation and therefore was not free to leave or go about his ordinary business until the immediate investigation was completed. Id. at 455. See State v. Thompkin, 341 Or 368, 378-79, 143 P3d 530 (2006) (officers seized defendant, a car passenger, when they requested and retained her identification, conducted a records check, and questioned her about drugs). The majority’s contrary conclusion is, in my view, wrong.[1]
The reasoning that the majority uses to reach that conclusion also illustrates two of the points that I seek to make in my concurrence in Backstrand. First, in this case, the majority correctly focuses on whether the officers’ communication and conduct would cause a reasonable person to believe that his or her liberty was restrained, and, in doing so, calls attention to the majority’s different focus in Backstrand. In this case, the majority does not consider whether a reasonable person in the circumstances presented would expect the officers’ conduct or consider it appropriate, or whether the officers’ investigation continued for more than a reasonable period — considerations that the majority considered determinative in Backstrand. 354 Or at 415-16. If such considerations were relevant to whether the officers seized defendant, then, in this case, they would demonstrate that the officers engaged in conduct that a reasonable person would not expect or consider appropriate if engaged in by others. The majority’s failure to address those considerations in this case demonstrates either that those considerations are not relevant to determine whether a seizure has *458 occurred or, if they are relevant, that the majority is unwilling to consider them in an instance in which they demonstrate that a seizure did occur.
Second, in deciding that an individual who is sitting in a parked car surrounded by officers who could be investigating his involvement in drug activity is free to leave and need not remain and respond to the officers’ inquiries, the majority invites conduct that officers do not expect or intend an individual in that circumstance to take. If the individual were to make a move toward the door of the car or begin to exit, the officers might reasonably believe that their safety was threatened. The majority’s decision encourages the public to act in ways that increase rather than reduce the risk of conflict.
I respectfully dissent.
Baldwin, J., joins in this dissenting opinion.

 I recognize that the majority goes on to consider the officers’ actions after obtaining defendant’s identification and concludes that those actions resulted in a seizure. 354 Or at 442.1 disagree only about the point in time at which the seizure occurred.